# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

In re: RICHARD A. HERNANDEZ,

      Movant.

No. 07-1439
(D.C. No. 1:07-cv-1857-ZLW)

ORDER
Filed November 13, 2007

Before **KELLY**, **HARTZ**, and **GORSUCH**, Circuit Judges.

    In 1981, Richard A. Hernandez was convicted of second-degree burglary, conspiracy to commit second-degree burglary, and being a habitual offender. He was sentenced to life imprisonment. In 1995, he filed a habeas petition under 28 U.S.C. § 2254 challenging the validity of one of the convictions underlying the 1981 habitual offender conviction. The district court denied the petition. Mr. Hernandez now seeks leave to file a second or successive § 2254 petition challenging his 1981 conviction and sentence.

    A movant seeking to bring a second or successive § 2254 petition may proceed only with a claim not presented in a prior application that (A) "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A), or (B) relies on facts that "could not have been discovered previously through the

exercise of due diligence" and that "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *Id.* §§ (b)(2)(B)(i) & (ii).

Mr. Hernandez's motion for authorization and the § 2254 petition that the district court transferred to this court indicate that he wishes to assert a claim of ineffective assistance of counsel.  He also wishes to present alibi evidence that would establish his actual innocence and to argue that certain convictions underlying the habitual offender charge could not be used against him because the Colorado courts, during his Colorado Rule of Criminal Procedure 35(c) proceedings, indicated they were invalid.  None of these arguments relies on "a new rule of constitutional law" or on new facts that "could not have been discovered previously through the exercise of due diligence," as required by § 2244(b)(2).  The ineffective assistance of counsel and alibi arguments appear to involve facts and circumstances known at the time of the 1981 proceedings.  Further, the Colorado state court order that set aside three of Mr. Hernandez's criminal convictions (albeit only for purposes of deciding his state postconviction motion) was issued in 1990, five years before Mr. Hernandez filed his 1995 habeas petition.  Thus, the existence of that order does not constitute a new fact that could not have been discovered previously.

The motion for leave to file a second or successive § 2254 petition is DENIED. This denial of authorization is not appealable and may not be the subject of a petition for rehearing or for a writ of certiorari. *See* 28 U.S.C. § 2244(b)(3)(E).

                                                  Entered for the Court,

                                                  ELISABETH A. SHUMAKER, Clerk